

FILED
CLERK, U.S. DISTRICT COURT
MAR 28 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 28 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

__X__ Priority
__X__ Send
__X__ Clsd
__X__ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM HABLINSKI ARCHITECTURE<br><br>Plaintiffs,<br><br>vs.<br><br>AMIR CONSTRUCTION, et al.,<br><br>Defendants. | Case No. CV-03-06365 CAS (PJWx)<br><br>**JUDGMENT**<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

The above-entitled matter came on regularly for trial on March 8, 2005, and for retrial as to certain issues on December 12, 2006, in Courtroom 5 of the United States District Court, Central District of California, the Honorable Christina A. Snyder presiding. Plaintiff WILLIAM HABLINSKI ARCHITECTURE ("plaintiff" or "Hablinski") appeared by and through its attorneys, Peter J. Bezek, Roger N. Behle, Jr., and Justin P. Karczag of Foley, Bezek, Behle & Curtis, LLP; defendants AMIR CONSTRUCTION, INC., EUROCONCEPTS, INC., PARVIZ ELIHU, DANIEL ELIHU, ALBERT ELIHU, JOSEPH ELIHU, and HAYADEH ELIHU (collectively "defendants") appeared by and through their attorneys James B. Hicks and Andres F.

1  Quintana of Ervin, Cohen & Jessup LLP for the March 8, 2005 trial, and by and
2  through their attorneys Richard P. Sybert and Craig J. Mariam of Gordon & Rees LLP
3  for the December 12, 2006 retrial.

4      A jury of six persons was regularly impaneled and sworn for the first trial, and a
5  jury of eight persons was regularly impaneled and sworn for the retrial. Witnesses
6  were sworn and testified, and evidence was introduced and admitted in both the first
7  trial and the retrial. After hearing the evidence and arguments of counsel, the juries in
8  both the first trial and retrial were instructed by the Court and the matters being tried
9  and/or retried submitted to them with directions to return a verdict on special issues.

10     NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

11     By reason of the jury's special verdicts and by reason of further findings of this
12 Court, judgment is hereby entered in favor of plaintiff and against defendants on
13 plaintiff's first claim for copyright infringement and on plaintiff's sixth claim for civil
14 conspiracy. Plaintiff's actual damages under 17 U.S.C. § 504(a) are in the amount of
15 $380,061 as found by the first jury; and the profits attributable to the infringement
16 under 17 U.S.C. § 504(b) are in the amount of $666,931 as found by the second jury.

17     Prejudgment interest is awarded in favor of plaintiff. Prejudgment interest shall
18 be calculated pursuant to the 52-week U.S. Treasury Constant Maturity rate, using the
19 average of the monthly rates for each year, or portion of a year, from September 8,
20 2003, to March 8, 2007, and each day thereafter to the date of entry of this Final
21 Judgment. See Golden State Transit v. Los Angeles, 773 F. Supp. 204, 219 (C.D. Cal.
22 1991); Hollie v. Korean Air Lines Co., Ltd., 834 F. Supp. 65, 71 (S.D.N.Y. 1993).
23 Prejudgment interest shall be compounded annually. Id.

24     All sums awarded by this Court, including damages, profits, prejudgment
25 interest, and costs bear postjudgment interest at the current U.S. Treasury Constant
26 Maturity rate, from the date this judgment is entered until it is paid.

27
28

1    Plaintiff, as the prevailing party on the central claims at issue in this case, shall
2 recover its taxable costs of suit in this matter as taxed by the Clerk under the provisions
3 of Federal Rule of Civil Procedure 54. Defendants shall not recover costs. See <u>Roberts
4 v. Madigan</u>, 921 F.2d 1047 (10th Cir. 1990) (holding that district court did not abuse
5 its discretion when it awarded full costs to the party prevailing on the majority of
6 claims and the central claims at issue); <u>see also</u> <u>K-2 Ski Co. v. Head Ski Co., Inc.</u>, 506
7 F.2d 471 (9th Cir. 1974).

8    Defendants are directed to notify the Court and plaintiff within twenty-four
9 hours after entering into any contract for the sale of the Marilyn Drive home, until the
10 judgment in the instant case has been satisfied.

12    IT IS SO ORDERED.

15 Dated:    March 27, 2007

18                                          _____
19                                          CHRISTINA A. SNYDER
                                            United States District Judge